IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EDSON TORRES AND EDGAR TORRES, *Plaintiffs* | § § § § § § | |
| v. | § § | CIVIL ACTION NO. _____ |
| BLUE CARGO FREIGHT LLC, COMMERCIAL INNOVATIONS INC., CARIBE INTERSTATE TRANSPORT LLC, AND RAFAEL ARMANDO AGUILERA FERNANDEZ *Defendants* | § § § § § § § § § § § | JURY DEMANDED |

## PLAINTIFFS' ORIGINAL COMPLAINT

NOW COME Plaintiffs **EDSON TORRES AND EDGAR TORRES** complaining of Defendants **BLUE CARGO FREIGHT LLC** (hereafter referred to as Defendant "**BLUE CARGO FREIGHT**"), Defendant **COMMERICIAL INNOVATIONS INC.** (hereafter referred to as Defendant "**COMMERICIAL INNOVATIONS**"), Defendant **CARIBE INTERSTATE TRANSPORT LLC** (hereafter referred to as Defendant "**CARIBE INTERSTATE TRANSPORT**"), and Defendant **RAFAEL ARMANDO AGUILERA FERNANDEZ** (hereafter referred to as Defendant "**FERNANDEZ**"), and in support thereof would respectfully show unto the Court as follows:

### I. PARTIES

1. Plaintiff, Edson Torres, is a citizen of the State of Texas.

2. Plaintiff, Edgar Torres, is a citizen of the State of Texas.

3. Defendant Rafael Armando Aguilera Fernandez is an individual who was and is a citizen of the State of Florida at all times relevant to this action. Defendant Fernandez was the driver of the vehicle involved in the collision made the basis of this lawsuit while operating in the State of Texas; specifically, in the Southern District. At all times relevant to this action, Defendant Fernandez was in the course and scope of his employment with Defendant Blue Cargo Freight LLC. This action arises from the subject collision. Defendant Fernandez may be served with process pursuant to Tex. Civ. Prac. & Rem. Code § 17.062 by serving the Chairman of the Texas Transportation Commission, located at 124 E. 11th Street, Austin, Texas 78701, and who can in turn serve Defendant Fernandez at his last known address, located at 8841 Fontainebleau Boulevard, Apartment 303, Miami, Florida 33172.

4. Blue Cargo Freight LLC is a limited liability company formed in and under the laws of the State of Florida and headquarters are located in Medley, Florida, and who at all times material and relevant hereto was engaged in business in Texas. Ailyn Llorente is the sole managing member of the limited liability company. Ailyn Llorente, the sole managing member of the limited liability company, and Blue Cargo Freight LLC are citizens of Florida. Defendant Blue Cargo Freight LLC was the owner of the vehicle involved in the collision made the basis of this lawsuit which was operated by its employee Defendant Fernandez in the State of Texas; specifically, in the Southern District. This action arises from the subject collision. Defendant Blue Cargo Freight LLC may be served with process pursuant to the Texas Long-Arm Statute by serving the Texas Secretary of State, Service of Process Division, P.O. Box 12079, Austin, Texas 78111, who

can in turn serve Defendant Blue Cargo Freight LLC via its registered agent, Ailyn Llorente, located at 3810 SW 31st Drive, West Park, Florida 33023.

5. Commercial Innovations Inc. is a company formed in and incorporated under the laws of the State of Florida and headquarters are located in Miami, Florida, and who at all times material and relevant hereto was engaged in business in Texas. Michael E. Payne, the sole officer of Commercial Innovations Inc., and Commercial Innovations Inc. are citizens of Florida. Defendant Commercial Innovations Inc. was the owner of the vehicle involved in the collision made the basis of this lawsuit which was operated by Defendant Fernandez in the State of Texas; specifically, in the Southern District. This action arises from the subject collision. Defendant Commercial Innovations Inc. may be served with process pursuant to the Texas Long-Arm Statute by serving the Texas Secretary of State, Service of Process Division, P.O. Box 12079, Austin, Texas 78111, who can in turn serve Defendant Commercial Innovations Inc. via its registered agent, Michael E. Payne, located at 12003 Landing Way, Cooper City, Florida 33026.

6. Caribe Interstate Transport LLC is a limited liability company formed in and under the laws of the State of Florida and headquarters are located in Miami, Florida, and who at all times material and relevant hereto was engaged in business in Texas. Juan Alvarado and Maria Alvarado are the only members of the limited liability company. Juan Alvarado and Maria Alvarado and Caribe Interstate Transport LLC are citizens of Florida. Defendant Caribe Interstate Transport LLC was the owner of the trailer involved in the collision made the basis of this lawsuit which was operated by Defendant Fernandez in the State of Texas; specifically, in the Southern District. This action arises from the subject collision. Defendant Caribe Interstate Transport LLC may be served with

process pursuant to the Texas Long-Arm Statute by serving the Texas Secretary of State, Service of Process Division, P.O. Box 12079, Austin, Texas 78111, who can in turn serve Defendant Caribe Interstate Transport LLC via its registered agent, Juan Alvarado, located at 891 NW 35 Avenue, Miami, Florida 33125.

## II. JURISDICTION AND VENUE

7. This Court has subject-matter jurisdiction over this action as this is a civil action pursuant to 28 U.S.C. § 1332, in that it is a civil action between Plaintiffs, who are Texas citizens, and Defendants, who are all citizens of, incorporated in, and/or have their principle place of business in, a state other than Texas; specifically, Defendants are all citizens of Florida. Additionally, the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00).

8. Venue is proper within the United States District Court for the Southern District of Texas, Houston Division, pursuant to 28 U.S.C. § 1391 because a substantial part of the events and/or omissions occurred within the United States District Court for the Southern District of Texas; specifically, Harris County, Texas.

## III. NATURE OF THE CASE

9. On or about June 10, 2020, Plaintiff Edson Torres, with Plaintiff Edgar Torres as passenger, were traveling westbound at the 14000 block of East Interstate I-10 in Harris County, Texas. Plaintiff was safely and lawfully operating a 2011 Chevrolet Cruze. Defendant Blue Cargo Freight and/or Commercial Innovations employee, Rafael Armando Aguilera Fernandez, acting within the course and scope of his employment, was operating Defendant Blue Cargo Freight and/or Commercial Innovations' 1996 Freightliner. Defendant Fernandez was towing an attached cargo trailer owned by

Defendant Caribe Interstate Transport. Defendant Fernandez was operating a tractor-trailer at the 14000 block of East Interstate I-10 in Harris County, Texas. Defendant Fernandez failed to control his vehicle's speed and failed to drive in a single lane and suddenly, violently, and without warning, struck the vehicle operated by Plaintiff Edson Torres. As a result of the collision, Plaintiffs sustained serious injuries.

10. At the time of the accident, Defendant Fernandez (a) was employed by Defendants Blue Cargo Freight, Commercial Innovations and/or Caribe Interstate Transport, (b) was driving a vehicle and trailer owned by Defendants Blue Cargo Freight, Commercial Innovations and/or Caribe Interstate Transport, and (c) was acting within the course and scope of his employment with Defendant Blue Cargo Freight, Commercial Innovations and/or Caribe Interstate Transport. At all times material to this incident, Defendant Fernandez had permission, either express or implied, to operate Blue Cargo Freight, Commercial Innovations and/or Caribe Interstate Transport's 1996 Freightliner and attached cargo trailer.

## IV. CAUSES OF ACTION

### COUNT I – NEGLIGENCE OF DEFENDANT FERNANDEZ

11. The allegations alleged in paragraph 1-10 are re-alleged and are incorporated herein by reference.

12. Defendant Fernandez was a professional driver and had a duty to exercise care in the operation of the commercial vehicle, and he breached that duty of care by, *intra alia:*

a. Failing to keep a proper lookout;

b. Failing to take proper evasive action;

    c.    Failing to operate his vehicle in a prudent and reasonable manner;

    d.    Failing to maintain a proper speed and control under the circumstances;

    e.    Failed to drive in a single lane of travel; and

    f.    Reckless driving.

13. Defendant Fernandez's conduct was malicious, willful, reckless or in wanton disregard of the rights and safety of others.

14. As a direct and proximate cause of Defendant Fernandez's negligence, Plaintiffs Edson Torres and Edgar Torres sustained serious injuries and damages, including pain and suffering, mental anguish and distress, loss of enjoyment of life and loss of future earnings. Additionally, Plaintiffs seek relief for the injuries and damages pursuant to applicable laws.

### COUNT II – NEGLIGENCE OF DEFENDANTS BLUE CARGO FREIGHT, COMMERCIAL INNOVATIONS, AND CARIBE INTERSTATE TRANSPORT

15. Plaintiffs, Edson Torres and Edgar Torres, incorporates by reference each and every allegation contained in Paragraphs 1 through 14 of Plaintiff's Original Complaint set forth above as though fully set forth herein.

16. Defendant Fernandez was an employee of Defendants Blue Cargo Freight, Commercial Innovations and/or Caribe Interstate Transport and was acting within the course and scope of that employment at the time of the accident. As such, Defendants Blue Cargo Freight, Commercial Innovations and Caribe Interstate Transport are vicariously liable for the wrongful acts or omissions of Defendant Fernandez.

17. Defendants Blue Cargo Freight, Commercial Innovations and Caribe Interstate Transport are engaged in the business of commercial transportation throughout the United States.

18. Defendants Blue Cargo Freight, Commercial Innovations and Caribe Interstate Transport had a duty to exercise reasonable care in the management and operation of its commercial trucks and trailers.

19. Additionally, Defendants Blue Cargo Freight, Commercial Innovations and Caribe Interstate Transport LLC had an obligation to the public to hire, train, retain, and supervise safe and competent drivers, and are liable for any and all damages that resulted from the negligence in its hiring, training retaining, or supervision of its employees.

20. Defendants Blue Cargo Freight, Commercial Innovations and Caribe Interstate Transport failed to exercise reasonable care in the management and operation of its commercial trucks and trailers, and failed to exercise reasonable care in the hiring, training supervising and/or retaining of its employees.

21. As a direct and proximate result of the aforementioned negligence and/or acts and omissions of the Defendants Blue Cargo Freight, Commercial Innovations and Caribe Interstate Transport, Plaintiffs suffered serious injuries requiring substantial costs and expenses; past, present and future loss of enjoyment of life; past, present and future emotional distress; past, present and future pain and suffering; past, present and future loss of household services; all in an amount not presently determinable, for which they seek relief pursuant to applicable laws.

## COUNT III: NEGLIGENCE *PER SE*

22. The allegations alleged in paragraphs 1 - 21 are re-alleged and are incorporated herein by reference.

23. The following acts and/or omissions of Defendants constitute negligence *per se* by Defendants Blue Cargo Freight, Commercial Innovations, Caribe Interstate Transport and Fernandez, jointly and severally, by and through their agents, servants and/or employees acting in the course and scope of employment:

    a.    violation of CFR § 392.2 – "Applicable Operating Rules;"

    b.    violation of CFR § 392.82 – "Using a Hand-Held Mobile Telephone;"

    c.    violation of CFR § 392.80 – "Prohibition Against Texting;"

    d.    violation of Texas Transportation Code § 545.060 – "Driving on a Roadway Laned for Traffic;"

    e.    violation of Texas Transportation Code § 545.351 – "Maximum Speed Requirement;"

    f.    violation of Texas Transportation Code § 545.401 – "Reckless Driving; Offense;" and

    g.    violation of Texas Transportation Code § 545.351 – "Maximum Speed Requirement."

24. The unexcused violation of an administrative regulation or statute or ordinance established to define a reasonably prudent person's standard of care is negligence *per se.*

### COUNT IV. LEGAL DAMAGES AND RECOVERIES TO COMPENSATE PLAINTIFFS

25. At the time of their injuries, Plaintiffs, Edson Torres and Edgar Torres, were in reasonably good health with a normal life expectancy.

26. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiffs have suffered and will continue to suffer a tremendous loss of life and family. Plaintiffs seek all just and right remedies at law and in equity, including but not limited to:

    A. Reasonable medical care and expenses in the past.

    B. Reasonable and necessary medical care and expenses, which will in all reasonable probability be incurred in the future.

    C. Loss of earnings in the past.

    D. Loss of earnings and earning capacity, which will, in all probability, be incurred in the future.

    E. Mental anguish in the past.

    F. Mental anguish in the future, which will in all probability, be incurred in the future.

    G. Pecuniary loss in the past.

    H. Pecuniary loss in the future, which will in all probability, be incurred in the future.

    I. Property damage in the past.

    J. And all other legal damages and just and right compensation as allowed both in law and in equity.

27. All losses, harm, and legal damages suffered by Plaintiffs were caused by, and proximately caused by, Defendants' negligent acts and/or omissions (some of which are listed herein). For all such claims and losses, Plaintiffs now sue.

28. Plaintiffs, Edson Torres and Edgar Torres, request monetary damages and punitive damages against the Defendants in amounts to be fixed by the trier of fact to be just and reasonable, for pre and post-judgment interest, for court costs and for all other appropriate relief.

## JURY DEMAND

29. Plaintiffs demand trial by jury.

## PRAYER FOR RELIEF

30. **WHEREFORE, PREMISES CONSIDERED**, Plaintiffs respectfully pray for judgment as follows:

   A. Medical care expenses of Plaintiffs according to proof in the past and in reasonable probability will be incurred into the future;

   B. Past and future loss of earnings and earning capacity of Plaintiffs according to proof in the past and in reasonable probability will be sustained into the future;

   C. Loss of household services in the past and in all probability to be incurred into the future;

   D. Non-economic damages for Plaintiffs according to proof including as applicable:

   E. Compensation for physical pain in the past and in reasonable probability sustained into the future;

   F. Compensation for mental anguish in the past and in reasonable probability will be sustained into the future;

   G. Compensation for loss of earnings and earning capacity and in reasonable probability sustained into the future.

   H. Compensation for disfigurement in the past and in reasonable probability will be sustained into the future;

   I. Compensation for physical impairment in the past and in reasonable probability will be sustained into the future;

J.  Loss of consortium in the past and in all likelihood to be incurred into the future;

K.  As to all Counts and all DEFENDANTS, awarding pre-judgment and post-judgment interest to the Plaintiffs according to proof;

L.  As to all Counts and all DEFENDANTS, awarding reasonable costs to the Plaintiffs as provided by law; and

M.  As to all Counts and all DEFENDANTS, granting all such other relief as the Court deems necessary, just and proper.

Respectfully submitted,

/s/ John D. Schroeder
Gregory L. Gowan
Federal ID No. 19991
Texas Bar No. 00765384
John D. Schroeder
Texas Bar No. 24093971
**GOWAN ELIZONDO, LLP**
555 N. Carancahua, Suite 1400
Corpus Christi, Texas 78401
Telephone: 361.651.1000
Facsimile: 361.651.1001
ggowan@gelawfirm.com
jschroeder@gelawfirm.com